FOUREMAN, APPELLANT, *v.* McCARTER, A MINOR, ET AL., APPELLEES.*

*Motion to certify the record overruled, December 18, 1957.

232

*Mr. Walter F. Rhynard,* for appellant.
*Messrs. Spidel, Staley & Hole* and *Mr. Russell E. Wise,* for appellees.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Darke County entered on a verdict of a jury in an action for damages growing out of a collision of motor vehicles.

In his amended petition plaintiff, appellant herein, alleges that on March 30, 1951, at 11 p. m., he was driving his two-ton truck in an easterly direction in the right lane of traffic on state route 71, about four miles east of Union City, Ohio; that the defendant McCarter was also driving his Packard coupe in an easterly direction on said road in the right lane of traffic and collided with the rear of plaintiff's truck. Four specifications of negligence are alleged, only three of which were submitted to the jury, which are: Failure to yield the right of way; speed in excess of 60 miles per hour; and failure to have said automobile under control.

The first defense of the defendant is in the nature of a general denial. The second defense alleges contributory negligence on the part of the plaintiff, as follows: He was driving his truck at a speed which was slower than was reasonable and proper, to wit, approximately one or two miles per hour, without giving any warning; that the truck was not in proper mechanical condition, all of which plaintiff knew; and that plaintiff did not have a visible red tail light. In his cross-petition, defendant alleges that plaintiff's truck was heavily loaded with grain, and had stopped or was moving at a very slow rate of speed; that the two vehicles were approaching a curve in the road, and that because of the negligence of the plaintiff the collision occurred. The specifications of negligence were as stat-

ed in the second defense and, in addition, charged that plaintiff failed to keep a proper lookout for users of the highway.

The jury returned a general verdict, without interrogatories, in favor of the defendant on plaintiff's amended petition and for the plaintiff on defendant's cross petition. Plaintiff's motions for new trial and for judgment notwithstanding the verdict were overruled.

Inasmuch as the defendant has not appealed we are chiefly concerned with the issues and the evidence presented with respect to the amended petition and the two defenses interposed by the defendant. Plaintiff assigns as error: Error in the general charge and special instructions given before argument; misconduct of juror; error in the admission and exclusion of evidence; error in overruling motions for new trial and for judgment notwithstanding the verdict; and that the verdict is not sustained by sufficient evidence, is against the weight of the evidence and is contrary to law.

We find no discussion in appellant's brief relative to any error in the general charge, and we find none. Before argument the court gave two special instructions requested by the defendant. Special instruction No. 1 is a proper charge on the issue of contributory negligence. Appellant contends that there was no evidence from which the jury could conclude that plaintiff was contributorily negligent. We disagree. There was evidence of a credible character that plaintiff had stopped the truck on the travelled portion of the highway and had no visible red light on the rear of the truck. Special instruction No. 5 is as follows:

"A statute of this state provides as follows: 'No person shall operate a vehicle, trackless trolley or street car at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.' The court therefore, instructs you as a matter of law that if you find that the plaintiff, Howard L. Foureman, was at the time and place in question operating his truck at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance of law, then and in that event plaintiff was guilty of negligence."

Appellant contends that this section of the Code and the instruction had no application to the evidence presented. The appellant claims that the case was tried on the theory that the plaintiff was proceeding at a speed between eight and ten miles per hour in the right lane; that he was ascending a slight grade; that lights in front and rear of the truck were properly lighted; that his truck was approaching a curve in the road; that immediately before the collision an automobile proceeding in a westerly direction came around the curve, and had passed beyond plaintiff's truck and defendant's automobile when the impact occurred; that because of the presence of the automobile proceeding in a westerly direction defendant could not use the left lane to pass the truck and that by reason of the excessive speed of defendant's automobile it could not be stopped in time to avoid a collision. This was plaintiff's theory, but the defendant had a different theory, to wit, that plaintiff's two-ton truck was loaded with four tons of grain and because of its defective mechanical condition it was not able to climb the slight grade and that the truck had stopped, or at least was not moving at a rate of speed of more than one or two miles per hour; and that said truck had no visible rear tail light as provided by law. There was evidence of a substantial character supporting the contention of the defendant. In our opinion, the special instruction was properly given.

We find no misconduct of a juror which would require a reversal. It appears that at the noon recess on the first day of trial one of the jurors requested one of counsel for the defendant for a ride home. The matter was brought to the attention of the bailiff, who immediately took the juror, and counsel for the defendant, before the trial judge at which time counsel for the appellant was present. The matter was then discussed and it was agreed that the juror should not ride with counsel for the defendant. The matter, although within the knowledge of counsel for the appellant, was first raised on motion for new trial. Such matters must be seasonably raised; otherwise error may not be predicated thereon. 39 Ohio Jurisprudence, 678, Section 100.

Appellant assigns as error the admission and exclusion of evidence, but has discussed in his brief only the claim of the

improper admission of evidence. The plaintiff called as his witness a state patrolman who appeared on the scene shortly after the accident. Plaintiff qualified him as an expert on the proper operation of motor vehicles, speed, etc. On cross-examination, over plaintiff's objection, he was permitted to testify that if the plaintiff's truck was traveling at a speed of less than ten miles per hour it created a hazard. In giving this evidence the witness took into consideration the condition of the highway, the slight grade and the overloaded truck. Appellant contends that this evidence was incompetent. The error, if any, related to the issue of contributory negligence. The verdict was general, without interrogatories. Assuming, without deciding, that the evidence admitted on cross-examination was incompetent, any error arising would not constitute reversible error because of the application of the "two-issue" rule. 4 Ohio Jurisprudence (2d), 26, Section 831.

Appellant claims that the cause of the collision was the excessive speed of defendant's automobile and the failure to stop within the assured clear distance ahead, and that plaintiff was free of negligence. On the basis of this assumption it is claimed that the motions for new trial and for judgment notwithstanding the verdict should be sustained. Also, it is claimed that the verdict is not sustained by sufficient evidence and is against the weight of the evidence. We are concerned only with the verdict on the issues made by the plaintiff's amended petition and the two defenses interposed by the defendant. A general verdict having been returned without interrogatories, we are unable to determine how the jury resolved the issues. Again, the "two-issue" rule applies, and is effective to protect the judgment. 4 Ohio Jurisprudence (2d), 32, Section 831. The motions were properly overruled. The judgment is sustained by sufficient evidence and is not against the manifest weight of the evidence, neither is it contrary to law.

We find no error in the record prejudicial to the rights of the appellant, and the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.